**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN BROWNFIELD, *individually and on behalf of all others similarly-situated*<br>2712 Palmgreen Ave.<br>McKeesport, PA 15132<br><br>Plaintiff,<br><br>v.<br><br>BSCORP 1, INC. d/b/a BIG'S SANITATION<br>475 West Newton Road<br>Elizabeth, PA 15037; AND<br><br>EARTHWISE ENVIORNMENTAL SOLUTIONS LLC d/b/a BIG'S SANITATION<br>475 W. Newton Road<br>Elizabeth, PA 15037<br><br>Defendants. | ) | CIVIL ACTION NO. ____________<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Justin Brownfield ("Plaintiff") hereby brings this collective/class action against Defendants BSCorp 1, Inc. d/b/a Big's Sanitation and Earthwise Environmental Solutions LLC d/b/a Big's Sanitation (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendants have unlawfully failed to pay him and other similarly-situated individuals employed in the positions of Driver and Laborer/Thrower ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff Justin Brownfield is a former employee of Defendants who was employed in the positions of both Driver and Laborer/Thrower.

3. During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendants paid Class Plaintiffs on a per route basis without any overtime compensation for overtime hours worked in violation of the FLSA and PWMA.

4. Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendants' unlawful pay practices.

5. Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

6. Plaintiff also brings an individual claim against Defendants under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, contending that Defendants unlawfully withheld and/or simply refused to pay him the full amount of wages due and owing to him the workweek of August 10, 2025 to August 16, 2025.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

8. General personal jurisdiction over Defendants exists in the Commonwealth of

Pennsylvania as a consequence of their registration to do business in Pennsylvania. See 42 Pa. Cons. Stat. § 5301(a)(2)(i) ("qualification as a foreign corporation" permits Pennsylvania courts to "exercise general personal jurisdiction" over such entities); Mallory v. Norfolk S. Ry., 600 U.S. 122, 143 S. Ct. 2028, 2038-45 (2023).

9. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

12. Plaintiff Justin Brownfield currently resides at 2712 Palmgreen Ave., McKeesport, PA 15132.

13. Upon information and belief, Defendant BSCorp 1, Inc. d/b/a Big's Sanitation, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and office address registered with the Pennsylvania Secretary of State of 475 West Newton Road, Elizabeth, PA 15037.

14. Upon information and belief, Earthwise Environmental Solutions LLC d/b/a Big's Sanitation is a limited liability company organized and existing under the laws of the State of New York, with a headquarters and office address registered with the Pennsylvania Secretary of State of 220 5th Avenue, 18th Floor, New York, NY 10001.

15. Upon information and belief, Defendant Earthwise Environmental Solutions LLC d/b/a Big's Sanitation owns and operates BSCorp 1, Inc. d/b/a Big's Sanitation.

16. Upon information and belief, Defendants Earthwise Environmental Solutions LLC d/b/a Big's Sanitation and BSCorp 1, Inc. d/b/a Big's Sanitation are a joint, single, and/or integrated employer with respect to Plaintiff and Class Plaintiffs. Upon information and belief, Defendants share employees (including, but not limited to Drivers and Laborers/Throwers employed in the Commonwealth of Pennsylvania), office space (including, but not limited to an operating location within the Commonwealth of Pennsylvania), equipment, management, and collectively assert control over their employees for purposes of hiring, firing, discipline, assigning, directing, and setting and enforcing payroll and other administrative policies.

17. Upon information and belief, Defendants operate throughout the Commonwealth of Pennsylvania, including this judicial district.

18. Defendants are "employers" of Plaintiff and Class Plaintiffs and covered by the FLSA.

19. Upon information and belief, Defendants are covered employers under the FLSA in that, during the course of Plaintiff's employment, they had an annual dollar volume of sales or business done of at least $500,000, and have multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

20. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendants during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

21. Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendants during all times relevant hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

22. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

23. Paragraphs 1 through 22 are hereby incorporated by reference as though the same were fully set forth at length herein.

24. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

25. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the Commonwealth of Pennsylvania in the position of Driver and/or Laborer/Thrower who worked for Big's Sanitation at any point in the past three (3) years and were denied overtime compensation due to Defendants' payment of them on a per route basis without overtime compensation for overtime hours worked in violation of the FLSA ("Class Plaintiffs").

26. Plaintiff estimates that there are in excess of fifty (50) other similarly-situated Drivers and Laborers/Throwers who either are working or worked for Big's Sanitation in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of

the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

27. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

28. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

29. Paragraphs 1 through 28 are hereby incorporated by reference as though the same were fully set forth at length herein.

30. Plaintiff brings this action individually, and on behalf of the following Pennsylvania-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

All persons presently or formerly employed by Defendants during the past three (3) years in the position of Driver and/or Laborer/Thrower at Big's Sanitation who were paid on a per route basis without overtime compensation for overtime hours worked in violation of the PMWA.

31. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

32. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B. Whether Defendants qualify as a "motor carrier" or "motor private carrier" within the meaning of the FLSA;

C. Whether the duties of Plaintiff and Class Plaintiffs affected the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce;

D. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

E. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

33. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendants who was employed in the positions of both Driver and Laborer/Thrower who has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to properly pay overtime compensation. Defendants' conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

34. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

35. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

36. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B. Defendants, by failing to pay overtime compensation in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

37. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of

individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFF'S INDIVIDUAL AND COLLECTIVE/CLASS CLAIMS FOR UNPAID OVERTIME COMPENSATION**

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39. Plaintiff Justin Brownfield began his employment with Defendants on or around May 17, 2024 when he was hired as a Laborer/Thrower out of Defendants' location in Elizabeth, PA.

40. On or around July 7, 2024, Plaintiff was promoted to the position of Driver, in which position he remained until his resignation from employment on August 20, 2025.

41. Although Plaintiff typically worked approximately fifty-five (55) to sixty (60) hours per week on average, he did not receive overtime compensation for the hours he worked over forty (40) in a workweek.

42. Instead, Plaintiff, and, upon information and belief Class Plaintiffs, received a flat rate per route completed.

43. Upon information and belief, Class Plaintiffs worked similar hours and were similarly denied overtime compensation for all hours worked over forty (40) in a workweek.

44. Plaintiff and, upon information and belief, all Drivers and Laborers/Throwers employed by Defendants were misclassified by Defendants as "exempt" under the FLSA and PMWA.

45. As Drivers, Plaintiff's and Class Plaintiffs' job duties consisted of driving waste disposal trucks and hauling waste and recycling to landfill and/or other disposal sites within Western Pennsylvania.

46. As Laborers/Throwers, Plaintiff's and Class Plaintiffs' job duties consisted of assisting Defendants' Drivers load and unload waste disposal trucks and haul waste and recycling to landfill and/or other disposal sites within Western Pennsylvania.

47. All of Plaintiff's and Class Plaintiffs' work took place within the Commonwealth of Pennsylvania and was purely intrastate in nature.

48. Plaintiff estimates that, as a result of the unlawful pay practices of Defendants described above, he and Class Plaintiffs have been denied compensation for approximately ten (10) to twenty (20) hours of overtime, on average, per week.

49. By way of example, during the workweek of June 16, 2024 to June 22, 2024, while he was employed as a Laborer/Thrower, Plaintiff worked approximately 47.40 hours, but was only compensated for 9.5 routes completed at the rate of $150 per route, with no overtime compensation for the 7.4 hours of overtime he worked that week.

50. By way of another example, during the workweek of August 3, 2025 to August 9, 2025, while he was employed as a Driver, Plaintiff worked approximately 62.95 hours, but was only compensated for 11 routes completed at the rate of $200 per route, with no overtime compensation for the 22.95 hours of overtime he worked that week.

51. Defendants were aware that Plaintiff and Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

52. To the extent Defendants qualify as a "motor carrier" or a "private motor carrier" within the meaning of the FLSA/PMWA, which Plaintiff denies, the purely intrastate nature of Plaintiff's (and Class Plaintiffs' duties) alone categorically disqualifies Defendants from claiming the Motor Carrier Exemption from the FLSA/PMWA's overtime compensation requirements.

53. There are no overtime exemptions under the FLSA or PMWA which could even arguably be applicable to Plaintiff or Class Plaintiffs.

54. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

55. As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFF'S INDIVIDUAL CLAIM FOR UNPAID WAGES UNDER THE WPCL**

56. Paragraphs through 55 are hereby incorporated by reference as though the same were fully set forth at length herein.

57. As of the workweek of August 10, 2025 to August 16, 2025, Plaintiff and Defendants had an agreement that Plaintiff would be paid $200 per route.

58. During said workweek, Plaintiff completed the equivalent of 11 or 12 routes and thus was entitled to receive $2,200 to $2,400 in wages.

59. Defendants refused to pay Plaintiff the full amount of the wages due and owing to him under the WPCL, instead paying him only $1,200 and docking his pay for performance-related reasons – specifically, missing certain stops and taking his truck home.

60. Defendants refused to pay Plaintiff the full amount of the wages due and owing to him even after Plaintiff presented an internal claim for payment to Defendants.

61. As a result, Defendants have willfully refused to pay Plaintiff wages that are due and owing in violation of the WPCL.

62. Defendants have breached their contractual obligations to Plaintiff by failing to pay him wages for the services he performed during the workweek of August 10, 2025 to August 16, 2025.

63. As a result of the above, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

64. Paragraphs 1 through 63 are hereby incorporated by reference as though the same were fully set forth at length herein.

65. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

66. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

67. Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

68. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

69. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

70. Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Driver and Laborer/Thrower, who worked for Defendants at Big's Sanitation in the Commonwealth of Pennsylvania and at any point in the past three (3) years, and were denied overtime compensation in violation of the FLSA, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

71. Paragraphs 1 through 70 are hereby incorporated by reference as though the same were fully set forth at length herein.

72. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

73. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

74. By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

75. As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and Class Plaintiffs, prays for judgment against Defendants as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***
**INDIVIDUAL COUNT OF UNPAID WAGES**

76. Paragraphs 1 through 75 are hereby incorporated by reference as though the same were fully set forth at length herein.

77. Plaintiff and Defendants entered into an agreement whereby Plaintiff would be compensated at a certain rate per route.

78. As stated above, during the workweek of August 10, 2025 to August 16, 2025, Plaintiff completed the equivalent of 11 or 12 routes and thus was entitled to receive $2,200 to $2,400 in wages.

79. Nevertheless, Defendants refused to pay Plaintiff the full amount of wages due and owing to him as stated above.

80. The aforementioned pay constitutes "wages" which are due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL").

81. Defendants willfully violated the WPCL by refusing to pay Plaintiff his wages even after requests for payment, despite having no good faith basis for denying payment to Plaintiff for the work he performed.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff in an amount equal to his unpaid wages;

B. Liquidated damages of twenty-five percent (25%) under the WPCL;

C. An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Michael Groh

Michael Groh, Esq.
PA ID No. 319296
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: September 18, 2025

**DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.